Argued and submitted September 29, affirmed November 17, 2021

In the Matter of N. A. M. F.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
S. L. F.,
*Appellant.*
Marion County Circuit Court
20JU03946; A175922 (Control)

In the Matter of A. L. F.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
S. L. F.,
*Appellant.*
Marion County Circuit Court
20JU03949; A175923

In the Matter of W. M. B.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
S. L. F.,
*Appellant.*
Marion County Circuit Court
20JU03950; A175924

499 P3d 887

Lindsay R. Partridge, Judge.

Christa Obold Eshleman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeHoog, Judge, and James, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Mother appeals a judgment terminating her parental rights to three of her children, W, N, and A. On *de novo* review under a clear-and-convincing-evidence standard, *see Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019), we affirm.

The juvenile court terminated mother's parental rights under ORS 419B.504, determining, as required by the clear-and-convincing-evidence standard, that it was highly probable that she was presently "unfit by reason of conduct or condition seriously detrimental" to her children and that integration of her children into mother's home "is improbable within a reasonable time due to conduct or conditions not likely to change." The court determined further, as required under ORS 419B.500, that termination of mother's parental rights was in the children's best interest. On appeal, mother contests the determinations that (1) she is "unfit" for purposes of ORS 419B.504; (2) integration of her children into her home is not probable within a reasonable period of time; and (3) termination is in W's best interest. Mother does not contest the best interest determination with respect to N and A.

A detailed discussion of the underlying facts of this matter would not be beneficial. Having considered the record in light of the parties' arguments to us, we are in agreement with the juvenile court that the statutory standards for termination are met and, further, that termination is in W's best interest.

Affirmed.